**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| LAURA YELLIN,<br><br>       Plaintiff,<br><br>    v.<br><br>ARLINGTON COUNTY SHERIFF JOSE<br>QUIROZ, JR., *et al.*,<br><br>       Defendants. | No. 1:24-cv-01216-PTG-WBP |

**PLAINTIFF'S PRETRIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(3) and the Court's Orders dated July 21, 2025 (Dkt. 28) and November 14, 2025 (Dkt. 73), Plaintiff Laura Yellin hereby submits the following disclosures. Plaintiff reserves the right to revise or supplement these disclosures should the need arise and reserves the right to rely at trial upon any of the witnesses, exhibits, designations, or other disclosures made by the Sheriff Defendants.[1]

**I.  Rule 26(a)(3)(A)(i) Disclosures: Witnesses**

The names of witnesses whose testimony Plaintiff will or may present at trial are set forth below.  Plaintiff reserves the right to call any witnesses identified by Sheriff Defendants and to call witnesses not previously listed or identified for rebuttal or impeachment without prior

---

[1] Plaintiff makes these disclosures based on the information reasonably available to her at this time. Per Magistrate Judge Porter's recent Order granting Plaintiff's motion to compel (Dkt. 92), the Sheriff Defendants served supplemental discovery responses yesterday (Tuesday) at approximately 5:00 pm, and undersigned counsel is continuing to review those materials. Additionally, the Court ordered two follow-up depositions that will occur this coming Friday. Accordingly, Plaintiff anticipates promptly supplementing and/or revising these disclosures in light of this new discovery material.

disclosure.  Plaintiff also reserves the right not to call any of the persons listed herein to testify at trial, as circumstances may warrant.

| Name | Expects to Call | May Call |
|---|---|---|
| Laura Yellin | X | |
| Dr. Stuart Grassian | X | |
| Roger Williams | X | |
| Toni Cunningham | | X |
| Jennifer Cunningham | | X |
| Sharon Duchesneau | | X |
| Sheriff Jose Quiroz | | X |
| Captain Broderick Lindsey | | X |
| Lieutenant Aisha Garcia | | X |
| Captain Sean Elston | | X |
| John Gyampoh | | X |
| Judith Karl | | X |

As indicated below, Plaintiffs also may present witnesses by deposition designation.  To the extent that Plaintiff is not permitted to do so, Plaintiff reserves the right to call each of these individuals as witnesses during Plaintiff's case.

## II.  Rule 26(a)(3)(A)(ii) Disclosures: Deposition Designations

Plaintiff hereby designates the following portions of deposition testimony Plaintiff intends to present at trial.  Plaintiff reserves the right to amend her deposition designations as warranted, including to account for the Court-ordered depositions of Captain Lindsey and Sheriff Quiroz that will occur this Friday, December 19, 2025.  Additionally, Plaintiff does not yet have transcripts for several witnesses who were recently deposed—namely, Aisha Garcia, Markita Edwards, Paige Holdridge, and Tiffany Summers.  Once Plaintiff receives those deposition transcripts, she will promptly supplement these disclosures to add any additional designations.

**A.**   **Captain Sean Elston (Sheriff Defendants), Videotaped Deposition, November 12, 2025**

| CAPTAIN SEAN ELSTON | |
|---|---|
| 9:11-19 | 229:8–231:2 |
| 50:14–52:6 | 231:11–232:2 |
| 146:7–147:6 | 232:9–233:11 |
| 154:12–156:5 | 235:4-13 |
| 165:12–166:15 | 238:13–239:11 |
| 169:11–172:17 | 247:2-18 |
| 174:16–176:13 | 250:13–251:15 |
| 183:21–187:20 | 253:2-6 |
| 198:17–200:5 | 254:6-15 |
| 202:2-22 | 258:7–259:1 |
| 209:4–210:1 | 296:18–297:15 |
| 217:15–218:5 | 306:11–307:7 |
| 223:16–224:3 | |

**B.**   **Judith Karl (Sheriff Defendants), Videotaped Deposition, December 2, 2025**

| JUDITH KARL | |
|---|---|
| 7:11-23 | 140:2-14 |
| 18:9-24 | 140:25–141:16 |
| 23:22–24:2 | 142:10-18 |
| 24:14–25:8 | 143:8-14 |
| 25:23–26:2 | 143:20-21 |
| 36:22–37:7 | 144:6-11 |
| 39:10-17 | 144:25–146:7 |
| 46:8-20 | 146:24–149:2 |
| 50:23–51:11 | 152:4-19 |
| 53:25–54:21 | 153:20–157:10 |
| 62:13–64:6 | 157:24–158:3 |
| 64:13–65:22 | 167:14–168:1 |
| 66:15–67:15 | 168:22–170:8 |
| 68:4–69:9 | 170:13–171:12 |
| 70:3-10 | 172:14–176:3 |
| 78:8–79:15 | 179:10–180:9 |
| 80:16-23 | 181:2–182:7 |
| 95:18–96:4 | 182:16–183:6 |
| 96:14-19 | 184:5–185:3 |
| 109:16-21 | 186:20–187:12 |
| 116:3–118:17 | 188:1-25 |
| 121:12–122:16 | 197:22–199:12 |
| 123:3–124:13 | 200:14–201:9 |

| | |
|---|---|
| 125:17–126:19 | 203:10-15 |
| 138:2–139:3 | 204:9–205:25 |

**C.** **Captain Broderick Lindsey (Sheriff Defendants), Videotaped Deposition, November 12, 2025**

| CAPTAIN BRODERICK LINDSEY | |
|---|---|
| 8:2-11 | 194:22–195:19 |
| 18:12–19:12 | 198:2-10 |
| 28:17–29:19 | 199:12–202:7 |
| 30:6-14 | 203:14–205:16 |
| 49:7–50:8 | 207:18–208:9 |
| 50:17—51:11 | 230:1-4 |
| 52:5-11 | 232:6–233:2 |
| 54: 3-16 | 233:15–234:20 |
| 89:4-22 | 235:11-14 |
| 91:22–93:7 | 239:15–241:17 |
| 93:17-19 | 254:6-7 |
| 96:21–98:14 | 255:7–257:15 |
| 100:22–102:8 | 258:2-5 |
| 108:15–109:10 | 259:8-17 |
| 111:21–113:1 | 264: 21–265:15 |
| 113:19–115:9 | 277:10-14 |
| 118:18–119:2 | 278:22–279:13 |
| 138:21–140:10 | 281:5-12 |
| 146:20–147:15 | 281:21–282:2 |
| 166:2-5 | 282:9–283:1 |
| 166:14–171:10 | 288:14–289:6 |
| 171:17–174:18 | 292:10-21 |
| 175:9-15 | 293:7–295:6 |
| 176:3-8 | |

**D.** **Sheriff Jose Quiroz (Sheriff Defendants), Videotaped Deposition, November 14, 2025**

| SHERIFF JOSE QUIROZ | |
|---|---|
| 9:14-22 | 109:22-23 |
| 20:17–22:7 | 110:10-23 |
| 76:11-20 | 113:5-15 |
| 77:2-8 | 136:25–138:6 |
| 79:12-19 | 139:15–140:3 |
| 80:3-7 | 142:4–143:2 |
| 81:3–84:17 | 145:10-14 |

| 88:16–89:23 | 162:5–164:2 |
|---|---|
| 90:16-18 | 165:15–167:7 |
| 91:5-12 | 170:12-15 |
| 107:9-16 | 178:8–189:7 |
| 109:15-17 | |

### III. Rule 26(a)(3)(A)(iii) Disclosures: Exhibit List

Plaintiff's Exhibit List is attached hereto as **Exhibit A**.  Plaintiff reserves the right to amend her exhibit list as warranted, including but not limited to including any documents that were recently produced or have yet to be produced, including but not limiting to any documents produced in response to the Court's recent Order granting Plaintiff's motion to compel.  Further, Plaintiff reserves the right to utilize any exhibits listed by Sheriff Defendants and further reserves the right to use, introduce, or rely upon any other discovery materials, including but not limited to deposition transcripts, for impeachment, rebuttal, or cross-examination, or in the event a witness, who was deposed or subpoenaed to trial but fails to appear.

### IV. Plaintiff's Proposed Stipulation of Fact

Plaintiff proposes the following written stipulations of uncontested facts.  Before trial, Plaintiff will meet and confer with the Sheriff Defendants in a good faith effort to reach an agreed-upon set of stipulations.

1.      Laura Yellin was born deaf and has been deaf her entire life. Her primary language is American Sign Language ("ASL").

2.      ASL is a distinct visual-gestural language with its own vocabulary, grammar, and structure, separate from English.  It is not English in hand signals.

3.      Ms. Yellin is a special education teacher for Arlington County Public Schools.

4.      Shortly after giving birth to her son in May 2023, Ms. Yellin was diagnosed with post-partum psychosis, perinatal mood and anxiety disorder, and postpartum preeclampsia. She also had recurring symptoms from the epidural used during childbirth.

5.      On July 15, 2023, she was arrested for violating a protective order obtained by her then-husband, and detained at the Arlington County Detention Facility ("ACDF").  She remained there for 35 days until her release on August 18, 2023.

6.      The Arlington County Detention Facility is operated by the Arlington County Sheriff's Office.  At the time, Defendant Jose Quiroz was the Sheriff, and he remains the Sheriff today.

7.      The Defendants in this case were each employed by the Arlington County Sheriff's Office and worked at the Arlington County Detention Facility at the time Ms. Yellin was detained.

8.      When Ms. Yellin went through intake, booking, and processing, she was identified as Deaf and that she would require accommodations.

9.      The Sheriff's Office written policy at the time required staff to provide deaf inmates with a Communication Assessment Form by which the inmate could indicate their preferred mode of communication.

10.     Ms. Yellin was not provided with a Communication Assessment Form at any time during her detention.

11.     The Sheriff's Office had iPads with video remote interpreting ("VRI") that would allow Sheriff Office staff to call and connect to an ASL interpreter at any time. VRI is a service that uses video technology and a computer or tablet to connect a deaf person with a qualified ASL interpreter located off-site.  The ASL interpreter appears on a screen and interprets in real time between the deaf individual and hearing participants.

6

12.     The Sheriff's Office also had the ability to bring an ASL interpreter to ACDF to interpret in person.

13.     An ASL interpreter was not always used to communicate with Ms. Yellin.

14.     During her detention, Ms. Yellin was housed in a cell by herself and had limited recreation time outside of the cell.

15.     During her detention, Ms. Yellin was placed in "protective custody," which placed additional limitations on her ability to leave her cell.  No ASL interpreter was used in any communications with Ms. Yellin about her placement into "protective custody."

16.     The Sheriff's Office written policy at the time required a committee of staff members to review any inmate's placement into "protective custody" within 24 hours of that placement, complete a classification review form identifying the reasons the inmate was being placed on "protective custody," and provide that completed form to the inmate.

17.     No 24-hour review of Ms. Yellin's placement into "protective custody" occurred, and no classification review form for any 24-hour review was completed or provided to Ms. Yellin.

18.     After she was released from the Detention Facility, Ms. Yellin checked herself into a mental health facility for approximately two weeks.

19.     In November 2016, a settlement was executed between the Sheriff's Office, the Sheriff, and the United States that, along with a $250,000 payment to Mr. Zemedagegehu, required the Sheriff's Office and ACDF to implement policies, procedures, and training to ensure compliance with the law in their treatment of deaf and hard of hearing inmates, including the provision of ASL interpreters at the ACDF. That agreement expired in 2019.

Dated:  December 17, 2025

Respectfully submitted,

*/s/ Ian Hoffman*
Ian Hoffman (VSB 75002)
Preston Smith (VSB 96908)
Samantha C. Smith (*pro hac vice*)
ARNOLD PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Ian.Hoffman@arnoldporter.com
Preston.Smith@arnoldporter.com
Samantha.Smith@arnoldporter.com

Drake Wu Cheng Darrah (*pro hac vice*)
National Association of the Deaf
8630 Fenton Street, Suite 202
Silver Spring, MD  20910
Drake.darrah@nad.org

*Counsel for Plaintiff Yellin*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of December 2025, I caused the foregoing to be filed electronically using the Court's CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

/s/ Ian Hoffman
Ian Hoffman (VA Bar # 75002)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, DC 20001-3743
Tel.: 202.942.5000
Fax: 202.942.5999
Ian.Hoffman@arnoldporter.com

*Counsel for Plaintiff*