**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| LAURA YELLIN,<br><br>          Plaintiff,<br><br>          v.<br><br>ARLINGTON COUNTY SHERIFF JOSE<br>QUIROZ, JR., *et al.*,<br><br>          Defendants. | No. 1:24-cv-01216-PTG-WBP |

**PLAINTIFF'S OBJECTIONS
<u>TO SHERIFF DEFENDANTS' PRETRIAL DESIGNATIONS</u>**

Pursuant to Federal Rule of Civil Procedure 26(a)(3) and this Court's Order dated July 21, 2025 (Dkt. 28), Plaintiff Laura Yellin hereby submits the following objections to Sheriff Defendants' deposition designations and exhibits. Plaintiff reserves the right to object to any exhibit identified by Sheriff Defendants on the basis of Federal Rules of Evidence 402 and 403, as provided in Federal Rule of Civil Procedure 26(a)(3)(B). Plaintiff also reserves the right to revise or supplement these objections should the need arise, including but not limited to asserting objections to any additional trial exhibits that Sheriff Defendants may identify.

**I.      Exhibits**

Plaintiff's objections to Sheriff Defendants' exhibits are attached hereto as **Exhibit A**.

**II.      Deposition Designations**

Sheriff Defendants' deposition designations are improper and inadmissible for multiple independent reasons.

First, the deposition designations do not qualify for use under Federal Rule of Civil Procedure 32(a). Each witness lives within 100 miles of the Court and the Sheriff Defendants admitted (to undersigned counsel during a meet and confer) that they have no reason to believe any of the designated witnesses are otherwise unavailable. *See* **Exhibit B** (e-mail correspondence memorializing meet and confer call).

Second, Sheriff Defendants have represented to Plaintiff that they intend to use their deposition designations solely for impeachment purposes. *See id.* But Rule 26(a)(3)(A) expressly excludes evidence used "solely for impeachment" from the pretrial disclosure/designation requirement. Fed. R. Civ. P. 26(a)(3)(A) ("a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment") (emphasis added); *see also* Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendment ("By its terms, rule 26(a)(3) does not require disclosure of evidence to be used solely for impeachment purposes . . ."). Further, none of the witnesses have been listed on Sheriff Defendants' witness list, and only two (Mary ("Toni") Cunningham and Jennifer Cunningham) were on Plaintiff's witness list. *See* Rule 26(a)(3)(A)(ii) (requiring parties to designate "those witnesses whose testimony the party *expects to present* . . ." (emphasis added)).

Third, the designations are improper because Sheriff Defendants designated the entirety or near-entirety of each witness's direct and redirect testimony, including irrelevant comments about taking breaks, rather than discrete, relevant portions that would be presented at trial. Such blanket designations defeat the purpose of pretrial disclosures and force Plaintiff and the Court to sift through irrelevant material and guess about which testimony they will actually present at trial. After a meet and confer, Sheriff Defendants sent Plaintiff revised deposition designations—that

have not been filed with the Court—and which still include nearly the entirety of the deposition, primarily excluding comments by Plaintiff's counsel or interpreters. *See* **Exhibit C**.

Fourth, large portions of the designated testimony are objectionable and constitute (*inter alia*) hearsay, lack of personal knowledge, lack of foundation, and/or lack of relevance. To the extent the Court overrules the threshold objections stated above and permits Sheriff Defendants' designations to be used at trial, Plaintiff reserves the right to assert particularized evidentiary objections to discrete portions of those designations.

Subject to and without waiving the foregoing objections, Plaintiff counter-designates the following portions of testimony, to be used if and when Sheriff Defendants are permitted to use their designations at trial:

- Mary ("Toni") Cunningham: 138:22 – 139:1 and 139:20 – 147:13

- Jennifer Cunningham: 96:16 – 97:9 and 97:17-20 and 99:22 – 101:16

- Caitlin Cunningham: 62:20 – 64:21

- John Cunningham:  67:15 – 68:19 and 69:7 – 69:20 and 70:1 – 71:17 and 72:21 – 74:2

Dated:  January 16, 2026

Respectfully submitted,

*/s/ Ian S. Hoffman*
Ian Hoffman (VSB 75002)
Preston Smith (VSB 96908)
Samantha C. Smith (*pro hac vice*)
ARNOLD PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Ian.Hoffman@arnoldporter.com
Preston.Smith@arnoldporter.com
Samantha.Smith@arnoldporter.com

Drake Wu Cheng Darrah (*pro hac vice*)
National Association of the Deaf
8630 Fenton Street, Suite 202
Silver Spring, MD  20910
Drake.darrah@nad.org

*Counsel for Plaintiff Yellin*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of January 2026, I caused the foregoing to be filed electronically using the Court's CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

<u>/s/ Ian S. Hoffman</u>
Ian S. Hoffman (VA Bar # 75002)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, DC 20001-3743
Tel.: 202.942.5000
Fax: 202.942.5999
Ian.Hoffman@arnoldporter.com

*Counsel for Plaintiff*