# Exhibit B

**Hoffman, Ian S.**

| | |
|---|---|
| **From:** | Deb Stafford <dstafford@hudginslawfirm.com> |
| **Sent:** | Wednesday, January 14, 2026 3:37 PM |
| **To:** | Smith, Samantha C |
| **Cc:** | Hoffman, Ian S.; Smith, Preston; Drake Darrah; James Harpold |
| **Subject:** | RE: Yellin - exhibits |
| **Attachments:** | 2026.01.14 - Designations re Cunningham witnesses (revised).pdf |

External E-mail

We have revised the deposition designations – please see attached.

---

**From:** Smith, Samantha C <Samantha.Smith@arnoldporter.com>
**Sent:** Tuesday, January 13, 2026 4:40 PM
**To:** Deb Stafford <dstafford@hudginslawfirm.com>
**Cc:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Smith, Preston <Preston.Smith@arnoldporter.com>; Drake Darrah <drake.darrah@nad.org>; James Harpold <jharpold@hudginslawfirm.com>
**Subject:** RE: Yellin - exhibits

Deb/James,

To follow up on our call this morning:

**Deposition designations**

It is our understanding that you do not intend to use your deposition designations for anything other than impeachment. However, Rule 26(a)(3)(A) specifically excludes designations "solely for impeachment". *See* Fed. R. Civ. P. 26(a)(3)(A) ("a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial *other than solely for impeachment*") (emphasis added); *see also* Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendment ("By its terms, rule 26(a)(3) does not require disclosure of evidence to be used solely for impeachment purposes . . ."). We also understand you have no reason at this time to believe any of the designated witnesses are unavailable, and you do not intend to call any of these witnesses live or by deposition at trial.

As stated in the previous email and on our call, we do not believe the designations you served are proper designations in any event because they consist of the entirety (or near-entirety) of the transcripts, rather than the specific portions you contend are relevant. Discussions about going off record for a break, for instance, are plainly not useful, even for impeachment.

It is our understanding that you do not intend to withdraw any part of your designations, and that your position is that Plaintiff may file objections, but you do not intend to do anything further in response. Please let us know promptly if this is incorrect.

**Exhibit list**

1

On exhibits, you asked that we identify the specific exhibits we are concerned about. As discussed on the call, our primary concern is that you have designated entire third-party productions as single exhibits. Below is a list of the exhibits we have identified as constituting the entirety of a production:

- Summit Counseling (Ex. 34) - entire production
- Records from Janna Martin, Doula (Ex. 35) – entire production
- Records from Inspire Behavioral (Ex. 38) – entire production
- Records from Pavilion at Williamsburg (Ex. 42) - entire production
- Documents from Post Partum International (Ex. 46) – entire production
- Court file documents in criminal cases against Yellin (Ex. 50) – entire production
- Records from CVS (Ex. 74) – entire production
- Records from Acupuncture & Herbal Healing Center (Ex. 75)—entire production
- Documents from Patrick Yellin (Ex. 77) – seems to be an entire third-party production, but you never identified this production. At minimum contains various seemingly unrelated documents.

We also have some concerns about the exhibits that are compiled from non-contiguous portions of larger records into a single exhibit, like "Records from VHC" and "Videos of Yellin from Arlington Police body cameras," but based off your representation today that you were trying to identify specific dates for completeness, we will consider that when making our objections.

Please let us know promptly if you intend to revise any of these exhibits. To the extent you need more time to re-label any exhibits, we will be flexible in that regard. Nothing in this email waives any objection to these or any other exhibit on these or other grounds. Plaintiff reserves all rights.

Thanks,

Samantha C. Smith
Associate | Bio

**Arnold & Porter**

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6674
Samantha.Smith@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

**From:** Deb Stafford <dstafford@hudginslawfirm.com>
**Sent:** Monday, January 12, 2026 4:09 PM
**To:** Smith, Samantha C <Samantha.Smith@arnoldporter.com>
**Cc:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Smith, Preston <Preston.Smith@arnoldporter.com>; Drake Darrah <drake.darrah@nad.org>; James Harpold <jharpold@hudginslawfirm.com>
**Subject:** Re: Yellin - exhibits

External E-mail

Yes, 9:00 is ok.

Sent from my iPhone

On Jan 12, 2026, at 3:29 PM, Smith, Samantha C <Samantha.Smith@arnoldporter.com> wrote:

Does 9am tomorrow work for you?

_____

Samantha C. Smith
Associate | Bio

<image001.png>

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6674
Samantha.Smith@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

**From:** Deb Stafford <dstafford@hudginslawfirm.com>
**Sent:** Monday, January 12, 2026 3:24 PM
**To:** Smith, Samantha C <Samantha.Smith@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Cc:** Smith, Preston <Preston.Smith@arnoldporter.com>; Drake Darrah <drake.darrah@nad.org>; James Harpold <jharpold@hudginslawfirm.com>
**Subject:** RE: Yellin - exhibits

External E-mail

I am not available for a call today, but I can talk tomorrow.

---

**From:** Smith, Samantha C <Samantha.Smith@arnoldporter.com>
**Sent:** Monday, January 12, 2026 3:16 PM
**To:** Deb Stafford <dstafford@hudginslawfirm.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Cc:** Smith, Preston <Preston.Smith@arnoldporter.com>; Drake Darrah <drake.darrah@nad.org>; James Harpold <jharpold@hudginslawfirm.com>
**Subject:** RE: Yellin - exhibits

Deb—Thank you for your email, but you have not addressed any of the deposition designation issues raised in my email. Are you willing to meet and confer with us by phone about these deposition designation issues or not?

As for exhibits, our concerns go well beyond how you are paginating them, and you do not address any of these issues in your email. Are you willing to meet and confer with us by phone about these exhibit issues or not?

Thanks,
Sam

3

_____

Samantha C. Smith
Associate | Bio

<image001.png>

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6674
Samantha.Smith@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

**From:** Deb Stafford <dstafford@hudginslawfirm.com>
**Sent:** Monday, January 12, 2026 2:55 PM
**To:** Smith, Samantha C <Samantha.Smith@arnoldporter.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Cc:** Smith, Preston <Preston.Smith@arnoldporter.com>; Drake Darrah <drake.darrah@nad.org>; James Harpold <jharpold@hudginslawfirm.com>
**Subject:** RE: Yellin - exhibits

External E-mail

Sam – We have already had the documents labeled over the weekend, and they will be sent out soon.  As I had already discussed with you and Ian, we label exhibits with the identifier and then page, so if you have objections to particular pages, then you can object to by particular page.  For example, DX 1 will be labeled such that page one will be DX 1.1, page two will be DX 1.2, page three will be DX 1.3.  Thanks, Deb

**From:** Smith, Samantha C <Samantha.Smith@arnoldporter.com>
**Sent:** Monday, January 12, 2026 12:35 PM
**To:** Deb Stafford <dstafford@hudginslawfirm.com>; Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Cc:** Smith, Preston <Preston.Smith@arnoldporter.com>; Drake Darrah <drake.darrah@nad.org>; James Harpold <jharpold@hudginslawfirm.com>
**Subject:** RE: Yellin - exhibits

Deb—

Are you available today or tomorrow to meet and confer about your Rule 26 disclosures?  We believe your deposition designations and exhibits are not compliant with Rule 26. It is important that we meet promptly given the Friday deadline for objections, but we also think it would be beneficial to all to discuss before you send marked exhibits.

For your deposition designations, you designated the entirety or almost the entirety of the depositions, excluding cross examination. You even included content about, for example, taking breaks. This type of blanket designation is improper. Additionally, all of the witnesses with designated testimony are within the subpoena power of the court and therefore are not unavailable under Rule 32(a)(4).  Can you clarify why you believe any of

4

these deposition designations would be admissible as a general matter, before we undertake the effort to do line-by-line objections for the near entirety of these depositions?

Your documents seem to include whole categories of documents—despite being directed by Judge Giles to provide a proper, specific exhibit list—that seem to be the entirety of third-party productions or to include various types of documents, at different bates ranges, combined into one "exhibit." For example, the "Records from Janna Martin, Doula" and "Records from Inspire Behavioral Health" are the entire third-party production. The "unit logs" exhibits seem to be a combination of documents you produced independently but have combined into a single document to form an exhibit. These designations are improper, and Defendants must identify the particular documents that they intend to present. If, for instance, there are multiple documents from within third-party productions that you wish to designate, they should each be given their own exhibit number and description so they can be considered, objected to, and potentially used at trial as single documents.

Thanks,
Sam

_____
Samantha C. Smith
Associate | Bio

<image001.png>

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6674
Samantha.Smith@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

**From:** Deb Stafford <dstafford@hudginslawfirm.com>
**Sent:** Friday, January 9, 2026 3:05 PM
**To:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Cc:** Smith, Samantha C <Samantha.Smith@arnoldporter.com>; Smith, Preston <Preston.Smith@arnoldporter.com>; Drake Darrah <drake.darrah@nad.org>; James Harpold <jharpold@hudginslawfirm.com>
**Subject:** RE: Yellin - exhibits

External E-mail

Ian – Let's plan on Tuesday evening (midnight). We will identify ours as DX 1, DX 2. Thanks, Deb

---

**From:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Sent:** Friday, January 9, 2026 1:35 PM
**To:** Deb Stafford <dstafford@hudginslawfirm.com>
**Cc:** Smith, Samantha C <Samantha.Smith@arnoldporter.com>; Smith, Preston <Preston.Smith@arnoldporter.com>; Drake Darrah <drake.darrah@nad.org>; James Harpold

<jharpold@hudginslawfirm.com>
**Subject:** RE: Yellin - exhibits

Deb, James –

Now that the Sheriff Defendants have filed a more particularized exhibit list, and in light of our upcoming objections deadline, we should exchange electronic versions of the exhibits. This is required by the Court's initial scheduling order (ECF 28). It will also ensure we are all on the same page with what each side's exhibits are, and because several of your exhibits appear to be subsets of larger documents.

Can we commit to exchanging these by Tuesday, January 13 by 5:00 p.m.? We will identify ours as PX001, PX002, etc. And we would expect you to identify yours as DX001, DX002, etc. or something similar. Thanks.

Thanks,

Ian

_____

Ian S. Hoffman
Partner | Bio

<image001.png>

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6406
Ian.Hoffman@arnoldporter.com
www.arnoldporter.com | LinkedIn

_____

**From:** Hoffman, Ian S.
**Sent:** Tuesday, December 16, 2025 5:26 PM
**To:** Deb Stafford <dstafford@hudginslawfirm.com>
**Cc:** Smith, Samantha C <Samantha.Smith@arnoldporter.com>; Smith, Preston <Preston.Smith@arnoldporter.com>; Drake Darrah <drake.darrah@nad.org>; James Harpold <jharpold@hudginslawfirm.com>
**Subject:** RE: Yellin - exhibits

Deb – I've handled stipulations a few different ways, but we are OK with each side submitting their own proposed written stipulations. We will include a note that we will attempt to meet and confer before trial in an effort to come up with an agreed upon set. Thanks

Ian

6

_____

Ian S. Hoffman
Partner | Bio

<image001.png>

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6406
Ian.Hoffman@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

**From:** Deb Stafford <dstafford@hudginslawfirm.com>
**Sent:** Monday, December 15, 2025 8:19 PM
**To:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Cc:** Smith, Samantha C <Samantha.Smith@arnoldporter.com>; Smith, Preston <Preston.Smith@arnoldporter.com>; Drake Darrah <drake.darrah@nad.org>; James Harpold <jharpold@hudginslawfirm.com>
**Subject:** RE: Yellin - exhibits

External E-mail

Ian –

Yes, electronic exchange of exhibits on Thursday is good with us.

Regarding stipulations, usually we just end up with each side filing their proposed stipulations, but I am open to your suggestion.  Have you had Judge Giles handle it the way you are suggesting?

Thanks, Deb

<image002.png>

---

**From:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Sent:** Monday, December 15, 2025 5:38 PM
**To:** James Harpold <jharpold@hudginslawfirm.com>; Deb Stafford <dstafford@hudginslawfirm.com>
**Cc:** Smith, Samantha C <Samantha.Smith@arnoldporter.com>; Smith, Preston <Preston.Smith@arnoldporter.com>; Drake Darrah <drake.darrah@nad.org>
**Subject:** Yellin - exhibits

Deb/James – Following up on your voicemail:  we are amenable to exchanging electronic versions of each side's exhibits by the next day following the final pretrial conference – so, on Thursday (4/18) or sooner if feasible.  Does this work for you all?

Also, how do you want to handle a stipulation of uncontested facts?  Shall we endeavor to exchange (but not file) a set of proposed stipulations before the final pretrial conference and note that we have done so in our filings?  We are open to considering other ideas here too.  Thanks.

Ian

7

Ian S. Hoffman
Partner | Bio

&lt;image001.png&gt;

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6406
Ian.Hoffman@arnoldporter.com
www.arnoldporter.com | LinkedIn

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com